IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELMER LEAR**, et al., : | CIVIL ACTION NO. 1:05-CV-1125 |
| : | |
| Plaintiffs : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **COSTCO WHOLESALE CORP.**, et al., : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 11th day of October, 2006, upon consideration of the unopposed motion for leave to join a third-party defendant (Doc. 51), filed by defendant Mulvanny G2 Architecture Corporation ("Mulvanny"), see FED. R. CIV. P. 14(a) ("[A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."), and it appearing that the court issued a case management order on July 17, 2006 setting the above-captioned case for trial (see Doc. 32) and Mulvanny answered the complaint on July 19, 2006 (see Doc. 33), see L.R. 14.1 ("A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur."), and that the joinder of the third-party defendant involves claims with the same or substantially similar evidence, will not prejudice plaintiff, will reduce the need for further

litigation, and may not result in trial delay, see, e.g., Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703-04 (E.D. Pa. 1989) ("In exercising its discretion [to permit the filing of a third-party complaint], the court should consider (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead. . . . [T]he purpose of [joining third-party defendants] is to reduce the multiplicity of litigation . . . ."), it is hereby ORDERED that:

1. The motion for leave to join third-party defendants (Doc. 51) is GRANTED.  See FED. R. CIV. P. 14(a).

2. The Clerk of Court is directed to remove the proposed document (Doc. 51, Ex. C) from the docket in this case, file it as a third-party complaint as of the date of this order, amend the docket to reflect the parties named therein, and issue a summons.

3. Defendant Mulvanny G2 Architecture Corporation shall serve, on or before October 27, 2006, the summons and third-party complaint on the third-party defendant in the manner specified in Rule 4 of the Federal Rules of Civil Procedure.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge